## HORACE AVERY, an Infant, *versus* RAY & AL.

In an action for an assault and battery, obviously probable effects of the battery may be given in evidence, though not laid in the declaration—remote or not obviously probable consequences of the battery cannot be given in evidence, unless stated in the declaration under a *per quod.* In *such* action the defend-ant may give in evidence, in mitigation of damages, *immediate* provocation— such as happened at the time of the assault—but not such as had previously happened.

THIS was an action of trespass against *Alpheus Ray and another*, brought by *Horace Avery*, an infant under the age of twenty-one years, who sued, by his father and guardian, *Miles Avery*, for an assault

and battery alleged to have been committed by the defendants on the *infant* on the 14*th of Feb.* 1803.

The declaration was general—containing no allegation of any special damage; nor was it stated that the wounding, bruising, &c., was followed by any particular ill consequences.

Plea—general issue.

The assault and battery being proved, the plaintiff's counsel called the physician who attended the plaintiff in consequence of the injury; and who, after testifying as to the appearance of the bruises and wounds which had been occasioned by the battery, was proceeding to testify as to a fever which the plaintiff had, and which the physician thought might have originated from the battery.

The counsel for the defendants objected to this, on the ground that as the declaration was general, and contained no allegation of any special or particular consequence, the defendants could not be supposed to come prepared to encounter such evidence—and cited *Peake's Ni. Pri.* 62.

The Court seemed to think that where the consequence was immediate, or an obviously probable effect of the wound or bruise, it might be given in evidence without being laid; that is, would * be proper evidence under the general allegation; [ * 13 ] and the jury are to judge whether it did or did not necessarily, or beyond reasonable doubt, result from the bruise or wound. They therefore permitted the evidence to be given.

The counsel for the defendants did not deny the assault, &c., but offered to prove, in mitigation of damages, that the plaintiff had said, and caused a report to be circulated, that the sister of *Ray*, one of the defendants, had openly solicited him, the plaintiff, to have a *carnal* connection with her—that *Ray*, having heard that the plaintiff had propagated such a story, had called on him to know whether he had or had not—that the plaintiff, upon this application of *Ray*, refusing either to acknowledge or deny that he had, was informed by *Ray*, that he would chastise him for thus slandering his sister, and that he did *afterwards* chastise him—which was the assault and battery for which the plaintiff had brought his action. And they cited the case of *Gold* vs. *Allen*, determined in this Court in this county some years since; in which the Court, as the counsel for the defendant contended, had permitted *Allen* to give in evidence, in mitigation of damages, a provocation, arising from the propagation of an infamous story respecting the defendant by the plaintiff.

The counsel for the plaintiff objected to the evidence now offered. They did not deny that in many instances it was permitted to give in evidence, by way of mitigation of damages, facts and circumstances which would not amount to a justification; but these

facts and circumstances were always such as took place at the time and place of assault. In this case, the counsel for the defendants did not pretend that any part of what they now offered to prove happened at the time and place of the present assault; indeed it appeared, from the testimony of all the witnesses who had testified [ * 14 ] as to what * then took place, that nothing of the kind was mentioned; and it had also been proved, by the plaintiff, that Ray had made use of art and address to get the plaintiff into the place where he with the other defendant had committed the assault.

THATCHER, J., was against admitting the evidence offered—it would be going further than he had ever known.

SEWALL, J., was also against admitting. Immediate provocations are admitted—but he had never known an instance where the Court had gone further than that.

SEDGWICK, J., said he should be in favor of admitting evidence of provocation given, in mitigation of damages, upon a liberal scale; but to admit such evidence where the blood had had time to cool, would be extending the rule so as to render it impossible to say where the Court should stop. In this case it appeared that the assault had been planned with considerable deliberation, and committed without any provocation given by the plaintiff at the *time of the assault*—he was therefore against admitting.

STRONG, J., was also against admitting the evidence. He said it was contrary to all rule; for the Court must know that there was such a story, and whether the same were true or false—these are *facts*, which can be determined only by the jury. Then, how can the plaintiff be supposed to come prepared to *try* such facts?

The physician, in his testimony, having incidentally stated that the plaintiff, while under his care, appeared to be deranged in mind, the counsel for the defendants offered to prove that the plaintiff had practised *deception and imposition in the affair*, and that this supposed derangement was a mere pretence, his object being to enhance the damages.

[ * 15 ] The Court unanimously ruled that the evidence * offered was inadmissible; and SEDGWICK, J., said that what the physician had testified on that point was improper, ought not to have been testified, and the jury ought not to regard it. (a)

*Bidwell* and *Whiting* for the plaintiff. *Ives* and *Hulbert* for the defendants.

(a) It is presumed the reason of the decision is, that the derangement was, if a consequence, so remote a consequence of the wounds and bruises, that not being laid in the declaration, under a *per quod*, no evidence of derangement ought to have been given; and therefore it would be impertinent to go into evidence by way of mitigation of damages, as to facts and circumstances which could not be given in evidence in aggravation.